UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JEROME COAST, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV423-312 |
| ) | |
| STATE OF GEORGIA, ) | |
| WARDEN BENJAMIN FORD, and ) | |
| WARDEN JOSEPH WILLIAMS, ) | |
| ) | |
| Respondents. ) | |

| | |
|---|---|
| JEROME COAST, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV423-314 |
| ) | |
| STATE OF GEORGIA, ) | |
| ) | |
| Respondent. ) | |

| | |
|---|---|
| JEROME COAST, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV423-315 |
| ) | |
| WARDEN BENJAMIN FORD, and ) | |
| WARDEN JOSEPH WILLIAMS, ) | |
| ) | |
| Respondents. ) | |

1

## **REPORT AND RECOMMENDATION**

*Pro se* petitioner Jerome Coast, Jr. filed three petitions for habeas corpus relief in the United States District Court for the Northern District of Georgia. *See Coast v. State of Georgia*, CV423-312, doc. 2 (N.D. Ga. Oct. 24, 2023); *Coast v. State of Georgia*, CV423-314, doc. 2 (N.D. Ga. Oct. 26, 2023); *Coast v. Ford*, CV423-315, doc. 2 (N.D. Ga. Oct. 26, 2023). He did not pay the filing fee in any of the three cases and the Clerk directed him to correct the deficiency. *See* CV423-312, doc. 4; CV423-314, doc. 4; CV423-315, doc. 4. Given the appearance that all three petitions challenged the same 2016 conviction in the Superior Court of Chatham County, and the substantial overlap in the claims asserted, the undersigned recommended that the cases be consolidated. *See* CV423-312, doc. 7; CV423-314, doc. 6; CV423-315, doc. 6. Coast did not respond to that recommendation. *See generally* dockets. Judge Wood adopted the recommendation, but the case remains open. *See* CV423-312, doc. 8. However, because Coast has failed to pay the filing fee, or otherwise respond to the Clerk's deficiency notice, he has failed to prosecute any of his cases and comply with Court orders.

This Court has the authority to prune cases from its dockets where parties have failed to prosecute their cases. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992); *see also, e.g., Ashley-Mobley v. Kilgore*, 2020 WL 9595120, at *1 (N.D. Ala. Mar. 9, 2020) (recommending dismissal of § 2241 petition, pursuant to Rule 41, for failure to pay filing fee or move to proceed *in forma pauperis*), *adopted* 2020 WL 9595122 (N.D. Ala. Apr. 8, 2020); *Allen v. Tatum*, 2014 WL 5308010, at *1 (S.D. Ga. Sept. 22, 2014), *adopted* CV414-169, doc. 12 (S.D. Ga. Oct. 2, 2014) (dismissing § 2254 petition, pursuant to Rule 41(b), for failure to prosecute). Coast's failure to comply with the Clerk's instructions or pay the filing fee constitutes failure to prosecute these cases, and they should, therefore, all be **DISMISSED**.[1]

---

[1] If the respective district judges adopt this recommendation, the prior recommendation concerning consolidation of these cases should be **DISMISSED** as moot. CV423-314, doc. 6; CV423-315, doc. 6.

3

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage

4

of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 22nd day of December, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA